UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Spectrum Leasing USA, Inc., | Case No. 2:22-cv-00400-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Elite Extraction Services Corp., | |
| Defendant. | |

This is a breach of contract action arising out of an agreement through which Defendant Elite Extraction Services Corporation leased equipment from Plaintiff Spectrum Leasing USA, Inc. After summons issued, Plaintiff filed an *ex parte* application for the issuance of an order to show cause why Defendants should not relinquish the equipment under Nevada law. (ECF No. 4). Because the Court finds that Plaintiff has made the appropriate showing, it grants Plaintiff's request and sets a hearing on the matter.

**I.      Background.**

Plaintiff—a Nevada corporation—asserts that Defendant—a Utah corporation—leased commercial oil extraction equipment from Plaintiff[1] beginning in 2020. (ECF No. 1 at 3). That lease agreement was amended on two occasions, ultimately providing that Defendant was to make monthly payments on the equipment for forty months, with the option to purchase the equipment at the end of the lease term. (*Id.*). The lease agreement granted Plaintiff a security interest in the equipment and Plaintiff filed UCC financing statements regarding the leased

---

[1] Plaintiff's Canadian affiliate originally leased the equipment to Defendant. (ECF No. 1 at 3). After Defendant defaulted on the agreement between it and Plaintiff's Canadian affiliate, Plaintiff and Defendant entered into the agreement at issue in this action, which replaced the prior agreement between Defendant and Plaintiff's Canadian affiliate. (*Id.*).

equipment with the Utah Secretary of State. (*Id.* at 3-4). Defendant stopped making its payments in October of 2021. (*Id.*).

After Plaintiff demanded the equipment returned, Defendant refused. (*Id.* at 4). Plaintiff has since remotely disabled the equipment, rendering it useless to Defendant. (*Id.*). Nonetheless, Defendant still refuses to return it. (*Id.*). The equipment is currently located in Utah. (ECF No. 8 at 5). Plaintiff asserts that, together with interest and fees, Defendant owes Plaintiff $1,850,857.83 as of January 31, 2022. (ECF No. 1 at 3).

Plaintiff filed this lawsuit on March 3, 2022. (ECF No. 1). That same day summons for Defendant issued. (ECF No. 3). Plaintiff then filed an *ex parte* motion for the Court to issue an order to show cause why the equipment should not be taken from Defendant and delivered to Plaintiff under Nevada Revised Statute § 31.853.

**II.   Discussion.**

Under Federal Rule of Civil Procedure 64(a), "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a); *Western Oilfields Supply Co. v. Goodwin*, No. 2:09-cv-00286-RLH-LRL, 2010 WL 1427509, at *2 (D. Nev. Mar. 15, 2010). Nevada law provides for the return of property to a creditor by writ of possession through Nevada Revised Statute § 31.840. Nev. Rev. Stat. § 31.840; *Western Oilfields*, 2010 WL 1427509, at *2. Under that statute, "the plaintiff in an action to recover the possession of personal property may, at the time of issuing the summons or at any time before answer, claim the delivery of such property to the plaintiff…" Nev. Rev. Stat. § 31.840.

The plaintiff must first file an affidavit with the court showing:

1. That the plaintiff is the owner of the property claimed (particularly describing it), or is lawfully entitled to the possession thereof.
2. That the property is wrongfully detained by the defendant.
3. The alleged cause of the detention thereof according to the plaintiff's best knowledge, information and belief.
4. That the same has not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution or an attachment against the property of the plaintiff, or, if so seized, that it is by state exempt from such seizure.

     5. The actual value of the property.

Nev. Rev. Stat. § 31.850.

If the affidavit shows these five items, the court shall issue an order directed to the defendant to show cause why the property should not be taken from the defendant and delivered to the plaintiff. Nev. Rev. Stat. § 31.853. That order shall:

1. Fix the date and time for the hearing which shall be no sooner than 10 days from the date of issuance of the order.
2. Inform the defendant that the defendant may file affidavits on the defendant's behalf with the court and may appear and present testimony on the defendant's behalf at the hearing, or that the defendant may, at or prior to such hearing, file with the court a written undertaking to stay delivery of the property pursuant to NRS 31.890.
3. Inform the defendant that if the defendant fails to appear, the plaintiff will apply to the court for a writ of possession.
4. Require service of the affidavit and order upon the defendant, and fix the time and manner within which such service shall be made, which shall be by personal service or in such other manner as the court may determine to be reasonably calculated to afford notice of the proceeding to the defendant under the circumstances appearing from the affidavit.

Nev. Rev. Stat. § 31.853.

At any time before the property is returned to the plaintiff, the defendant can file an "undertaking"—signed by two or more sureties that they are bound in double the value of the property—to have the property returned to the defendant. *See* Nev. Rev. Stat. § 31.890. At the hearing, the court will decide which party—with reasonably probability—is entitled to hold the property pending a final adjudication of the claims. *See* Nev. Rev. Stat. § 31.863(1). If the court decides to issue a prejudgment writ of possession for the plaintiff to hold the property, the plaintiff must—typically—first file its own undertaking, signed by two or more sureties that they are bound in double the value of the property. *See* Nev. Rev. Stat. § 31.863(2). If there is reasonable cause to believe that the plaintiff is a secured party, however, no undertaking is required. *See id.*

### A. *Plaintiff has appropriately filed its motion* ex parte.

As a preliminary matter, Plaintiff has properly brought this motion under Federal Rule of Civil Procedure 64(a) and has appropriately filed it *ex parte*. Plaintiff argues that the Nevada statute allows for an *es parte* filing because it allows a plaintiff to move for a writ "at the time of issuing the summons, or at any time before answer." Nev. Rev. Stat. § 31.840. The Court agrees. The Court does not interpret the statute to require the defendant to have been served or otherwise be participating in the action for the plaintiff to move for a prejudgment writ. And filing a motion where other parties have not yet been served or appeared is inherently an *ex parte* filing. Plaintiff has thus appropriately filed his motion *ex parte*.

### B. *Plaintiff is entitled under Nevada law for an order to show cause.*

Plaintiff has filed an affidavit demonstrating the five items required for the Court to issue an order to show cause. First, Plaintiff has demonstrated that it is lawfully entitled to the possession of the property and particularly describes it by citing to a description of the equipment, the lease agreements through which Defendant leased the equipment, and the UCC statements through which Plaintiff is a secured party. (ECF No. 1-1 at 3-4); (ECF No. 1-2); (ECF No. 1-3); (ECF No. 1-4); (ECF No. 1-5); (ECF No. 1-6). Second, Plaintiff has demonstrated that Defendant is wrongfully detaining the property because Defendant had defaulted on its obligations and ignored Plaintiff's demand letters for the property's return. (ECF No. 1-1 at 4). Third, Plaintiff asserts that the cause of Defendant detaining the property is "malice" because, although Plaintiff has remotely disabled the equipment—rendering it useless to Defendant—Defendant nonetheless refuses to return it. (*Id.* at 4-5). Fourth, Plaintiff asserts that the equipment has not been taken for a tax, assessment or fine pursuant to a statute or seized under an execution or attachment against the property of the Plaintiff, or it is by statute exempt from such seizure. (*Id.* at 5). Fifth, Plaintiff asserts that the value of the equipment is $1,100,000 and provides that the actual value is unknown until Plaintiff can inspect the equipment. (*Id.*). The Court thus finds that Plaintiff has made the requisite showing under NRS § 31.850. The Court will thus issue an order directing Defendant to show cause why the equipment should not be taken from the Defendant and delivered to Plaintiff.

**IT IS THEREFORE ORDERED** that Defendant shall appear before the Court on **Tuesday, June 7, 2022** at **11:00 a.m.** at the **Lloyd D. George Federal Courthouse in Courtroom 3A** to show cause why a writ of possession should not issue.

**IT IS FURTHER ORDERED** that the Defendant may file affidavits on the Defendant's behalf with the Court and may appear and present testimony on the Defendant's behalf at the hearing, or that the Defendant may, at or prior to the hearing, file with the Court a written undertaking to stay delivery of the property pursuant to NRS § 31.890.

**IT IS FURTHER ORDERED** that if the Defendant fails to appear, the Plaintiff will apply to the Court for a writ of possession.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this order (ECF No. 10); Plaintiff's complaint, including the declaration of Susan Spencer and all its exhibits (ECF Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, and 1-11); and Plaintiff's motion (ECF No. 8) on Defendant by: (1) personally serving Defendant's registered agent; and (2) emailing a copy of the same to Defendant's CEO, Dan Newbold.  Plaintiff shall complete service no later than **Thursday, May 24, 2022**, which is **fourteen days** before the date of the hearing.

DATED: May 2, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE