UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Spectrum Leasing USA, Inc.,

    Plaintiff

v.

Elite Extraction Services Corp.,

    Defendant

Case No. 2:22-cv-00400-CDS-DJA

**Order Granting Plaintiff's Motion for Summary Judgment and Closing Case**

[ECF No. 25]

    Plaintiff Spectrum Leasing USA, Inc. sues defendant Elite Extraction Services Corp. in this breach-of-contract action. Spectrum alleges that it leased commercial extraction equipment to Elite Extraction, which agreed to make monthly payments but has not done so since October 2021, despite Spectrum's demands for payment. Spectrum asserts that Elite Extraction owes upwards of $2 million for the missed payments, accelerated future payments, and interest.[1] Spectrum moves for summary judgment on its breach-of-contract claim and all five of Elite Extraction's counterclaims. Because Elite Extraction does not offer any genuine dispute of material fact, summary judgment in Spectrum's favor is appropriate. I grant Spectrum's motion, and, as no claims remain, direct the Clerk of Court to close this case.

I.    Background

    In its complaint, Spectrum seeks a writ of possession under Nevada Revised Statutes (NRS) § 31.866. ECF No. 1 at 6. By ex parte motion in May 2022, it sought an order to show cause why the equipment should not be taken from Elite Extraction and delivered to Spectrum by writ of possession. ECF No. 8. Magistrate Judge Albregts granted that motion and issued an order to show cause, setting a show-cause hearing for June 2022. ECF No. 10. Spectrum then

---

[1] In its August 9, 2022, motion for summary judgment, Spectrum indicates that Elite Extraction owes $2,018,448.84. ECF No. 25 at 4.

filed a "notice" seeking to vacate the hearing and indicating its intent to "pass[] on this [c]ourt's hearing to show cause" and to instead "take default against [d]efendant . . . unless [d]efendant answers or otherwise responds" to the complaint within three days. ECF No. 15. Judge Albregts declined to vacate the hearing. ECF No. 16. The show-cause hearing took place on June 28, 2022, at which Spectrum withdrew its request for pre-judgment possession of the property. ECF No. 18. The record is not clear why.

Elite Extraction answered the complaint in July 2022. ECF No. 24. It asserted five counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, fraud, and unjust enrichment. ECF No. 21. In August 2022, Spectrum moved for summary judgment on its breach-of-contract claim and all five of Elite Extraction's counterclaims. ECF No. 25. Elite Extraction timely responded, and Spectrum timely replied. ECF Nos. 30, 31. In December 2022, Spectrum filed a proposed order granting summary judgment. ECF No. 35. Discovery closed in December, with the exception of two discovery deadlines that the parties stipulated to extend until January 2023. ECF No. 32. I held a hearing on May 22, 2023, so that the parties could provide a status update, if any, and discuss their efforts to resolve this case via settlement. At that hearing, I granted Spectrum's summary-judgment motion on the record and indicated that this written order would follow.

II.     **Legal standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.

1995). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

### III.     Discussion

At the recent hearing, Spectrum's counsel indicated that Elite Extraction did not take the opportunity to engage in any discovery, conducting no depositions and sending no discovery requests. ECF No. 38. Counsel for Elite Extraction represented that after I ordered the parties to appear for the hearing, he began communicating with Spectrum's counsel to revisit the idea of mediation. *Id.* While I ordinarily strongly encourage mediation, in this case, Elite Extraction's efforts to arrange it arrived too late. In its response to Spectrum's motion for summary judgment, Elite Extraction cites no evidence—not a single deposition, affidavit, etc.—supporting its position, likely because it did not actively engage in discovery and thus has none. Indeed, at the hearing, Elite Extraction's counsel admitted that this case seemed to somehow fall through the proverbial cracks. *Id.*

A party's failure to litigate its case is not a valid basis to resist summary judgment. *See Reed v. LePage Bakeries, Inc.*, 244 F.3d 254, 260 (1st Cir. 2001) ("[S]ummary judgment decisions . . . often turn[] on the surprising failure by one party or the other to proffer any significant evidence in favor of their position."). At this stage of litigation, the relevant inquiry is whether there exists a genuine dispute of material fact. Spectrum met its initial burden of demonstrating that no genuine issue of material fact existed, so the burden then shifted to Elite Extraction to rebut that with specific facts showing such a dispute. But Elite Extraction failed to meet that burden. In counsel's declaration accompanying Elite Extraction's response brief, he admits that "[a]bsent the ability to conduct discovery, [Elite Extraction] will be severely hampered in [its] ability to

defend [itself] and litigate [its] counterclaims, as particular evidence being sought, including records of communications between former employees of [Elite Extraction] and [Spectrum], would be impossible for [Elite Extraction] to obtain." ECF No. 30 at 3. Counsel offers no explanation as to why Elite Extraction was unable to conduct any discovery other than his conclusion that Spectrum filed its motion for summary judgment prematurely before Elite Extraction was "afforded the opportunity to conduct discovery." *Id.* at 9. But the parties both stipulated (ECF No. 26) to the scheduling order providing that discovery would be completed "no later than December 27, 2022" with the exception of two discovery deadlines. ECF No. 27 at 3; ECF No. 33 at 2. I held the summary-judgment hearing on May 8, 2023, more than five months past the discovery cut-off date, and there, too, Elite Extraction could not cite any efforts it made during the discovery period to obtain evidence in support of its position. ECF No. 38.

On the other hand, Spectrum attaches several declarations and affidavits, sales agreements, lease agreements, financing statements, and other communications in support of its position that Elite Extraction breached its contract with Spectrum arising out of the lease of commercial extraction equipment. *See generally* ECF No. 25-1–25-11. Spectrum contends that Elite Extraction has not made a payment—as required under the contract—since October 2021 and that it continues to refuse to pay the amount owed. ECF No. 25 at 4. With no contrary evidence before me, and even considering the facts in the light most favorable to Elite Extraction, I cannot conclude that any genuine dispute of material fact exists. Summary judgment in Spectrum's favor on all claims is thus appropriate.

## IV. Conclusion

IT IS THEREFORE ORDERED that Spectrum's motion for summary judgment [ECF No. 25] is GRANTED. The Clerk of Court is directed to enter judgment in Spectrum's favor on its breach-of-contract claim and all of Elite Extraction's counterclaims. The Clerk of Court is further directed to CLOSE THIS CASE.

Spectrum is directed to file with the court the final amount that Elite Extraction owes, including interest and any other calculations, along with an explanation of the calculation for said amount. This must be done within 15 days of this order's filing.

DATED: June 8, 2023

_____
Cristina D. Silva
United States District Judge